UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LONNIE CARTER,

    Plaintiff,

    v.

JOSEPH LEHMAN *et* al.,

    Defendants.

Case No. C05-5681RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**June 2nd, 2006**

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiff has been granted leave to proceed *in forma pauperis.* Before the court is defendant's motion to dismiss pursuant to Fed. R. Civ. P 12 (b)(6).  (Dkt. # 14). Plaintiff has responded.  (Dkt. # 16).  The court converted the motion to a motion for summary judgment and asked for additional briefing.  (Dkt. # 17).  Both parties have filed additional briefing and this matter is ripe for review.  (Dkt. # 19 and 20).

Defendants argue this action is barred by the favorable termination doctrine and, in the alternative, that Mr. Carter has no liberty interest in a hearing prior to a decision not to release him to community custody.

## FACTS

Plaintiff was sentenced to 22 months with an order that he serve 18 months community custody at the conclusion of his sentence.  (Dkt. # 16, page 10).  On the date plaintiff became eligible for community custody placement pursuant to RCW 9.94A.728 (2) he was not released.

REPORT AND RECOMMENDATION - 1

At the expiration of the 22 months sentence, on February 3rd, 2003, plaintiff was released to serve the 18 months of community custody. (Dkt. # 16, page 12). He was arrested approximately two months later on April 30th, 2003 and convicted of two new felony offenses for which he received a new sentence. (Dkt. # 16, page 13). Plaintiff admits in his briefing that at the conclusion of his new sentence he will still have to serve the 16 months community custody from his first sentence. (Dkt. # 16, page 13, Dkt. # 19, page 4). Defendants agree that plaintiff will have to serve the 16 months community custody portion of his first sentence after he serves the in custody portion of his second sentence. (Dkt. # 14, and 20, page 3).

Plaintiff filed this action to contest his not being placed on community custody when he became eligible. (Dkt. # 5). Plaintiff contends he had a liberty interest in community custody placement that could not be taken away without due process. While the plaintiff improperly refers to earned early release time and good time, plaintiff makes clear that he was only eligible to receive community custody "in lieu of earned early release." (Dkt. # 5 page 7).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626,

REPORT AND RECOMMENDATION - 2

630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily

REPORT AND RECOMMENDATION - 3

1  imply the invalidity of the judgment or continuing confinement, then the challenge must be brought
2  as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023,
3  1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

4      Here plaintiff asks the court to issue "ancillary injunctive relief" regarding his future
5  community placement sentence. (Dkt. # 16, page 13). Plaintiff is clearly challenging the propriety of
6  his future community custody sentence and a ruling in his favor would imply his future sentence is
7  somehow improper.

8      Thus, this action is barred by the favorable termination doctrine and the defendants are
9  entitled to dismissal without prejudice as plaintiff's cause of action has not yet accrued. A proposed
10 order accompanies this Report and Recommendation.

11     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
12 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.
13 R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of
14 appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule
15 72(b), the clerk is directed to set the matter for consideration on **June 2nd, 2006**, as noted in the
16 caption.

17

18     DATED this 4th day of May, 2006.

19

20

21                                       */S/ J. Kelley Arnold*
                                       J. Kelley Arnold
22                                        United States Magistrate Judge

23

24

25

26

27

28 REPORT AND RECOMMENDATION - 4